**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Cintia Josefina Paez-Robles,<br>Petitioner<br>-vs-<br>Kristi Noem, et al.,<br>Respondents. | CV-26-1405-PHX-DWL (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner has filed through counsel a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).   The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. FACTUAL & PROCEDURAL BACKGROUND

The relevant facts in this case are not in dispute.

Petitioner is a native and citizen of Mexico, who initially sought to enter the United States in 2011, was apprehended and was granted a voluntary departure. She attempted to reenter the country in August 2015, presenting a counterfeit lawful permanent resident travel document (I-551).  She was processed for expedited removal and was **removed** on August 16, 2015.

Petitioner **reentered** the United States in October 2015 without admission. Petitioner was arrested by U.S. Marshals on February 24, 2025, who remitted her to ICE custody, and her prior final order of removal was reinstated on February 25, 2025.

- 1 -

Petitioner had been **charged criminally** with illegal re-entry, and on February 26, 2025 she was returned to U.S. Marshals custody. Ultimately, Petitioner plead guilty and was sentenced to time served on June 3, 2025.

Petitioner was returned to ICE custody on June 5, 2025. On July 14, 2025 Petitioner proceeded to an **asylum hearing** and the asylum hearing officer found against her. Petitioner sought review by an immigration judge which was provided in a hearing on July 31, 2025, and relief was again denied. On the same day, Petitioner filed a Petition for Review by the Ninth Circuit Court of Appeals, which entered a temporary stay of removal. The temporary stay and the petition for review remain pending.

On January 21, 2026, Petitioner sought a custody determination. Petitioner received a **bond hearing** from the Executive Office for Immigration Review (EOIR) on January 27, 2026, and bond was denied because Petitioner had no case pending with the EOIR. On January 30, 2026 Petitioner appealed to the Board of Immigration Appeals. That administrative appeal remains pending.

### III.  APPLICATION OF LAW
### A.  ZADVYDAS AND ENTITLEMENT TO RELEASE

Petitioner relies on the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

> *Zadvydas* concerned § 1231(a)(6), which authorizes the detention of aliens who have already been ordered removed from the country. Under this section, when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that certain aliens "may be detained" while efforts to complete removal continue. (Emphasis added.)
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," 533 U.S., at 699 [ ], and it further held that six months is a presumptively reasonable period, *id*., at 701 [ ]. After that, the Court concluded, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. Ibid.

*Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018). Zadvydas's six-month period includes the initial 90-day mandatory detention period and three months thereafter. *Ma v.*

*Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001).

Petitioner argues that her 90 day removal period began to run on February 25, 2025 when her order of removal was reinstated, and that it expired 90 days later, on May 27, 2025. Respondent argues that the removal period runs from the date the removal order becomes "administratively" final, but Petitioner's removal is not reasonably unforeseeable because it has been stalled only by Petitioner's actions in seeking judicial review and a stay. *Cf. Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (uncertainty in removal date resulting from alien's judicial appeal did not trigger *Zadvydas*).

The 90 day removal period has not yet begun to run because Petitioner has sought judicial review of her removal order, and been granted a stay of removal.

> The removal period begins on the **latest** of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) **If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order**.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). It is true that the stay is temporary, but until terminated, the effect is the same. Until the stay is terminated or that appeal is complete, *Zadvydas*'s six month period will not begin to run. *Nikbakhsh-Tali v. Long*, CV-06-2121-PHX-NVW-HCE, 2007 WL 1880075, at *4 (D. Ariz. June 27, 2007). *See Zadvydas*, 533 U.S. at 683 (detention mandatory until "[a]fter entry of a final order of removal" without qualification of "*administratively* final").

## B. INSUFFICIENCY OF BOND HEARING

In her Reply, Petitioner asserts that her bond hearing was deficient because it was not a meaningful individualized determination on bond because the IJ concluded he lacked authority to release Petitioner. (Reply, Doc. 8 at 6-7.) This claim was not raised in the Petition, and no response to it was ordered in the Service Order.

> Petitioner contends she is being detained pursuant to 8 U.S.C. § 1225(b) and is entitled to a bond hearing or release because her

detention is prolonged and indefinite and, therefore, violates her Fifth Amendment due process rights. ([Petition] at 10-11.) The Court will require Respondents to answer the Petition.

(*See* Order 3/4/26, Doc. 4 at 2.)  Petitioner asserted that the IJ denied bond "because she was not a member of the *Aleman Gonzalez* class." (Petition at "1", ¶ 4.)  Petitioner's sole "Cause of Action" was a denial of due process in her detention, but at no place in her Petition did Petitioner argue that  such denial resulted from the IJ's conclusion of a lack of authority to release.  Rather, Petitioner's entire argument was premised on a violation of *Zadvydas*'s limitation on post-removal period detention, a holding that does not apply here.  The reference by Petitioner and/or the ALJ to *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020), *rev'd and remanded sub nom. Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022), takes her no further.  That case dealt only with whether *Zadvydas* required periodic bond hearings after *Zadvydas*'s six-month period.

"The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).   The Court should decline to address this new claim.[1]

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

## V.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have 14 days from the date of service of a copy of this recommendation within which to

---

[1] Even if the Court should conclude to address this claim, it appears unexhausted given that administrative appeal proceedings are ongoing.  Moreover, it likely would be subject to denial on the merits because Petitioner fails to show an entitlement to a bond hearing under *Aleman Gonzalez*, or any other authority which would render the IJ's determination erroneous given the mandatory nature of her detention until her removal period has commenced and expired.

- 4 -

file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: May 27, 2026

26-1405r RR 26 05 14 on HC.docx

James F. Metcalf
United States Magistrate Judge